IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFREY T. BUCK, ) <br> ) <br> Plaintiff, ) Case No. CV07-76-N-EJL <br> ) <br> vs. ) ORDER ADOPTING REPORT <br> ) AND RECOMMENDATION <br> CITY OF SANDPOINT, et al, ) <br> ) <br> Defendants. ) <br> ) | |

On September 9, 2008, United States Magistrate Larry M. Boyle issued a Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

ORDER - Page 1

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation entered on September 9, 2008 (docket no. 55) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED**:

1. That Defendants' First Motion for Summary Judgment (docket no. 23) is **GRANTED.**

2. That Defendants' Second Motion for Summary Judgment (docket no. 28) is **GRANTED in part** and **DENIED in part** as follows: Summary Judgment is denied on Plaintiff's Fourth Amendment and § 1983 claims based upon Defendants' alleged excessive force; summary judgment is granted in favor of Defendants on all of Plaintiffs' other federal and state law claims, and those claims are dismissed.

**IT IS FURTHER ORDERED** that the parties are directed to confer and file a Status Report including three potential dates for resetting the trial date or otherwise advise the Court as to how the parties intend to proceed in this matter on or before November 3, 2008.

DATED:  **October 1, 2008**

Honorable Edward J. Lodge
U. S. District Judge